IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARTELL FLIPPINS, #M54010, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 19−cv−00517−NJR |
| vs. | ) ) |
| K. KINK, WEXFORD HEALTH SOURCES, INC., V. SHAH, F. AHMED, DR. RITZ, S. STOVER, L. CUNNINGHAM, J. BALDWIN, and S. BENTON, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Martell Flippins, an inmate of the Illinois Department of Corrections ("IDOC"), who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he is being denied adequate medical care for an inguinal hernia in his groin area. According to Plaintiff, the hernia, which was diagnosed in early 2017, causes him severe pain daily, is worsening, and requires surgery. Along with the Complaint (Doc. 1), Plaintiff filed a Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction. (Doc. 2). Because Plaintiff seeks emergency injunctive relief, the Court will take up this matter without delay. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

1

The Court must review the Complaint under 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff's Complaint (Doc. 1 pp. 8-9), exhibits (Doc. 1 pp. 11-28), and Motion for TRO and Preliminary Injunction (Doc. 2), include the following allegations:[1] Plaintiff was diagnosed with an inguinal hernia in his groin area in early 2017. (Doc. 1, p. 8). Since receiving the diagnosis, the hernia has grown in size, and the symptoms have worsened making it difficult for him to sleep, eat, stand, and do normal daily activities. (Doc. 1, pp. 8-9; Doc. 2, p. 4).

In June 2017, Dr. Ahmed recommended that Plaintiff be referred for surgery. (Doc. 2, p. 3). Dr. Ahmed's initial recommendation, however, was subsequently denied by himself and Dr. Ritz. (Doc. 2, p. 3; Doc. 1. p. 26). Despite filing multiple grievances and writing letters requesting surgery, Plaintiff continues to be treated only by medication, which is ineffective and has caused additional health problems. (Doc. 2, p. 3; Doc. 1, pp. 9, 14). Dr. Ritz, Dr. Ahmed, Dr. Shah, and Nurse Practitioner Stover have exhibited deliberate indifference to Plaintiff's worsening hernia and associated symptoms by denying treatment for non-medical reasons, delaying treatment, and

---

[1] Because it appears that Plaintiff is relying on statements made in the Complaint, attached exhibits, and Motion for TRO and Preliminary Injunction in asserting his claims, the Court is construing the allegations in all of these pleadings together. *See Otis v. Demarasse,* 886 F.3d 639, 644 (7th Cir. 2018)(The Supreme Court "cautioned that any "document filed *pro se* is to be liberally construed," *pro se* litigants are granted "leniency…on procedural matters." (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Lovelace v. Dall,* 820 F.2d 223, 228 (7th Cir. 1987)); *see also Williamson v. Curran*, 714 F.3d 432, 435-36 (7th Cir. 2013)("when a plaintiff attaches to the complaint a document that qualifies as a written instrument, and her complaint references and relies upon that document in asserting her claim, the contents of that document become part of the complaint…")(referencing FED. R. CIV. P. 10(c)).

persisting in a course of treatment known to be ineffective. (Doc. 2, p. 3). Because of the numerous grievances, letters, and complaints, IDOC Director Baldwin (Doc. 1, pp. 8-9; Doc. 2, p. 4), Warden Kink (Doc. 1, pp. 16, 18; Doc. 2, p. 4), Administrative Review Board Member Benton (Doc. 1, pp. 8-9; Doc. 2, p. 4), and Health Care Unit Administrator Lorie Cunningham (Doc. 1, pp. 16, 18; Doc. 2, p. 3), know that Plaintiff is receiving constitutionally inadequate medical care, but have failed to intervene on his behalf. (Doc. 1, p. 8). This unconstitutional medical care results from a policy, custom, or widespread practice adopted by Wexford. (Doc. 1, p. 8, 16-19; Doc. 2, p. 3). Specifically, Wexford has implemented a cost-cutting policy and/or practice of denying all requests for surgical repair of hernias despite medical need and will not pay for surgery until the hernia gets to the "worst stage." (Doc. 2, p. 3).

Plaintiff also contends that Wexford and its employees have denied him his medication and falsified his medical file, and that he has been subjected to discrimination. (Doc. 1, pp. 8-9, 22).

### Discussion

Based on the allegations in the Complaint, the Court finds it convenient to delineate the claims in this case into the following three Counts:

> **Count 1:** Eighth Amendment claim against Wexford, Kink, Ahmed, Shah, Ritz, Stover, Baldwin, Benton, and Cunningham for exhibiting deliberate indifference to Plaintiff's serious medical needs regarding his inguinal hernia and associated symptoms.
>
> **Count 2:** Claims against Wexford and employees for denying medication and falsifying medical records.
>
> **Count 3:** Fourteenth Amendment equal protection claim for discrimination.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as**

**inadequately pled under *Twombly*.**[2]

**Count 1**

The Seventh Circuit Court of Appeals recognizes hernias as a serious medical condition for Eighth Amendment purposes, *see,* e.g., *Heard v. Tilden*, 809 F.3d 974 (7th Cir. 2016); *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011), and Plaintiff alleges that Defendants exhibited deliberate indifference to that condition. Specifically, Plaintiff claims that Dr. Ahmed (Doc. 1, pp. 25-26; Doc. 2, p. 3), Dr. Shah (Doc. 2, p. 3), Dr. Ritz (Doc. 1, p. 26; Doc. 2, p. 3), and Nurse Practitioner Stover (Doc. 2, p. 3) denied his requests for surgical repair for nonmedical reasons, ignored his complaints about severe pain and worsening symptoms, and otherwise failed to treat his hernia. These allegations are sufficient to allow Count 1 to proceed against these medical providers. *See* e.g., *Farmer v. Brennan*, 511 U.S. 825 (1994); *Perez v. Fenoglio,* 792 F.3d 768 (7th Cir. 2015).

Count 1 also may proceed against Director Baldwin (Doc. 1, pp. 8-9; Doc. 2, p. 4), Warden Kink (Doc. 1, pp. 16-19; Doc. 2, p. 4), Administrative Review Board Member Benton (Doc. 1, pp. 8-9, 20; Doc. 2, p. 4), and Health Care Unit Administrator Lorie Cunningham (Doc. 1, pp. 16-19, Doc. 2, p. 3) to the extent that Plaintiff is alleging these officials "turned a blind eye" to his complaints about unconstitutional medical care. *See Perez,* 792 F.3d at 781-82. Generally, the denial of a grievance – standing alone - is not enough to violate the United States Constitution. *See George v. Abdullah*, 507 F.3d 605, 609 (7th Cir. 2007); *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Estate of Miller by Chassie v. Marberry*, 847 F.3d 425, 428-29 (7th Cir. 2017); *see also Aguilar v. Gaston-Camara,* 2017 WL 2784561, *4 (7th Cir. 2017) (the Seventh Circuit has "rejected the notion that 'everyone who knows about a prisoner's problems' will incur § 1983

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

liability," citing *Burks v. Raemisch,* 555 F.3d 592, 595 (7th Cir. 2009)). On the other hand, the Seventh Circuit has made it clear that "a prison official's knowledge of prison conditions learned from an inmate's communications can, under some circumstances, constitute sufficient knowledge of the conditions to require the officer to exercise his or her authority and to take the needed action to investigate and, if necessary, to rectify the offending condition." *Perez* 792 F.3d at 781-82 (citing *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996)).

In this case, the Court cannot say with certainty that Kink, Baldwin, Benton, and Cunningham are not subject to liability. Plaintiff alleges that he directed numerous communications to these Defendants regarding his unconstitutional treatment, but each Defendant failed to exercise his or her authority to intervene on Plaintiff's behalf. These allegations warrant further review. Discovery may reveal that these defendants "took the needed action to investigate [Plaintiff's] grievances, and reasonably relied on the judgment of medical professionals." *Id.* (internal citations and quotations removed). But "these are questions of fact that simply cannot be resolved in the absence of a record." Accordingly, at this early stage, Count 1 shall proceed against Kink, Baldwin, Benton, and Cunningham.

The allegations also support a claim against Wexford, who is presumed to act under color of state law and is thus treated as though it were a municipal entity. *See Jackson v. Ill. Medi–Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002). To state a claim against a municipality, a plaintiff must demonstrate that the wrongdoers acted pursuant to an unconstitutional policy or custom, *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 664 (7th Cir. 2016); *Shields v. Ill Dep't of Corr.*, 746 F.3d 782, 790 (7th Cir. 2014); *Perez* 792 F.3d at 780 & n. 5 (7th Cir. 2015), and that the policy was the moving force behind the constitutional violation. *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002) (quoting *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)). Plaintiff

alleges that Wexford has a policy of refusing medical treatment in order to save costs and states that two of the Defendants stated that "Wexford is not going to spend the money on the required surgery." (Doc. 1, p. 16, 18; Doc. 2, p. 3). Count 1 will therefore also proceed against Wexford. *See Heard v. Tilden*, 809 F.3d 974 (7th Cir. 2016); *Woodward v. Correctional Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004).

**Counts 2 and 3**

Plaintiff's claims for denial of medication, falsifying medical records, and violations of equal protection are dismissed because he has not alleged facts necessary to support these claims or named a proper defendant associated with these claims.[3]

Here, Plaintiff gives only a conclusory statement that there were violations, but provides no additional supporting details. (Doc. 1, pp. 8-9). To state a claim against a defendant, Plaintiff must describe what each named defendant did, or failed to do, that violated Plaintiff's constitutional rights. *See Twombly*, 550 at 555. Because "[a] complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)," *Palda v. General Dynamic Corp.,* 47 F.3d 872, 875 (7th Cir. 1995); *Jackson v. E.J. Brach Corp.*, 176 F.3d 971 (7th Cir. 1999), Counts 2 and 3 are dismissed without prejudice.

**MOTION FOR TRO AND PRELIMINARY INJUNCTION**

As previously noted, Plaintiff has filed a Motion for a Temporary Restraining Order and/or Preliminary Injunction, asking the Court to order Defendants to surgically treat his hernia. (Doc. 2, p. 6).

---

[3] For Count 2 Plaintiff does name defendant Wexford and employees (Doc. 1, p. 8), but does not allege any policy or custom attributable to Wexford. *See Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760 766 n.6 (7 Cir. 2004) (To state a claim against Wexford, Plaintiff must demonstrate that the alleged wrongdoers acted pursuant to an unconstitutional policy or custom).

There are significant differences between a TRO and a preliminary injunction. A TRO can be issued without notice to the party to be enjoined, but it may last no more than fourteen days. FED. R. CIV. P. 65(b)(2). Further, a TRO may be issued without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Such injunctive relief is warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

The Court deems it necessary to deny Plaintiff's request for a TRO. It would not be appropriate, given the information presented, to enter an order for immediate surgery, without providing notice to Defendants and giving them an opportunity to respond. Accordingly, the TRO is **DENIED** without prejudice.

Plaintiff also seeks a preliminary injunction. In contrast to a TRO, a preliminary injunction is issued only after the adverse party is given notice and an opportunity to oppose the motion. FED. R. CIV. P. 65(a)(1). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted); *see also Korte v. Sebelius,* 735 F.3d 654, 665 (7th Cir. 2013); *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007); *Cooper v. Salazar,* 196 F.3d 809, 813 (7th Cir. 1999).

The Court finds that Plaintiff's request for preliminary injunctive relief warrants prompt consideration. Accordingly, the Court will resolve the request as soon as practicable and **DEFERS** ruling on Plaintiff's motion. A hearing on the request for preliminary injunction and an order directing Defendants to respond to the motion will be addressed in a separate order.

### MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff's Motion for Recruitment of Counsel (Doc. 4) is **DENIED without prejudice**. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating test for recruiting counsel). Plaintiff discloses that he has mailed several lawyers in an attempt to obtain counsel. Accordingly, he appears to have made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action *pro se*, Plaintiff indicates that he has limited knowledge of the law. Nonetheless, the Court finds that Plaintiff can proceed *pro se*, at least for now. Plaintiff's pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. Plaintiff appears competent to try this matter without representation at this time. Once discovery has commenced, if Plaintiff has significant difficulty, he may refile his motion. Should this, or any other, impediment prevent Plaintiff from representing himself going forward, he may file a new motion at that time.

### MOTION FOR SERVICE OF PROCESS

Because Plaintiff has been granted pauper status (Doc. 7) and the Court is obligated to arrange service for incarcerated persons proceeding *in forma pauperis*, his Motion for Service of Process at Government Expense (Doc. 5) is **DENIED** as moot.

### DISPOSITION

**IT IS ORDERED** that the **Complaint** (Doc. 1) survives preliminary review pursuant to 28 U.S.C. § 1915A. **COUNT 1** will proceed against **WEXFORD, KINK, AHMED, SHAH, RITZ, STOVER, BALDWIN, BENTON,** and **CUNNINGHAM**, and **COUNTS 2** and **3** are **DISMISSED without prejudice** for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's request for a temporary restraining order is **DENIED without prejudice**, but Plaintiff's request for preliminary injunction is **DEFERRED**.

**IT IS FURTHER ORDERED** that the Motion for Recruitment of Counsel (Doc. 4) is

**DENIED** without prejudice and the Motion for Service at Government Expense (Doc. 5) is **DENIED** as **MOOT**.

**IT IS ORDERED** that the Clerk of Court shall prepare for **WEXFORD, KINK, AHMED, SHAH, RITZ, STOVER, BALDWIN, BENTON,** and **CUNNINGHAM**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 5), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his *in forma pauperis* application is granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 17, 2019**

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**